UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JARVIS HARRIS,<br>    Petitioner, | Case No. 1:10-cv-765 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, HAMILTON COUNTY<br>JUSTICE CENTER,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On July 1, 2011, the Court ordered petitioner to show cause, within fourteen (14) days, why his habeas corpus petition should not be dismissed without prejudice for lack of exhaustion. (Doc. 11). Petitioner was advised that if he did not file a responsive pleading in compliance with the Order or otherwise failed to show cause why this action should not be dismissed for lack of exhaustion, that a Report and Recommendation would "be issued forthwith recommending that the instant habeas corpus petition be dismissed without prejudice to refiling after petitioner has exhausted his state court remedies." (Doc. 11). To date, more than fourteen days later, petitioner has failed to comply with the Court's Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Order to Show Cause issued on July 1, 2011, it is hereby **RECOMMENDED** that petitioner's petition for a writ of

habeas corpus (Doc. 3) be **DISMISSED** without prejudice to refiling after petitioner has exhausted his state court remedies.

    **IT IS SO RECOMMENDED.**

Date: 8/1/2011

    *Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JARVIS HARRIS,
    Petitioner,

vs.

WARDEN, HAMILTON COUNTY
JUSTICE CENTER,
    Respondent.

Case No. 1:10-cv-765

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).